**Jian Fang CHENG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 03–40839–AG.**

United States Court of Appeals, Second Circuit.

Dec. 8, 2005.

G. Victoria Calle, New York, New York, for Petitioner.

Jan Paul Miller, United States Attorney for the Central District of Illinois, John K. Mehochko, Assistant United States Attorney, Rock Island, Illinois, for Respondent.

PRESENT: JACOBS, KATZMANN, and B.D. PARKER, Circuit Judges.

SUMMARY ORDER

Jian Fang Cheng, through counsel, petitions for review of the BIA's decision affirming an immigration judge's ("IJ") decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

This Court can decide a petition for review only on the administrative record on which the order of removal is based. 8 U.S.C. § 1252(b)(4)(A). In this case, the Court is unable to review all of the documents upon which the decision is based. It is clear from the most recent hearing transcript and the IJ's decision that the IJ had access to, and relied heavily on, the prior hearing transcripts and the previously filed applications for asylum. However, these were not made part of the record. Therefore, the record is inadequate, and the case must be remanded so that these documents can be included as part of the record.

It should also be noted that it is also unclear if the BIA had copies of the prior transcripts and asylum applications when it rendered its decision in this case. Be-

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for-

mer Attorney General John Ashcroft as a respondent in this case.

cause the decision was an affirmance without opinion, there is no information in the decision that allows us to determine if the BIA had access to these documents.

Accordingly, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).